UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARK JONATHAN GOSSETT,

                Petitioner,

    v.

JASON BENNETT,

                Respondent.

CASE NO. 3:24-cv-05131-RAJ-GJL

REPORT AND RECOMMENDATION

Noting Date: June 24, 2024

The District Court has referred this action to United States Magistrate Judge Grady J. Leupold. Petitioner Mark Jonathan Gossett, proceeding *pro se* and *In Forma Pauperis* ("IFP"), filed a federal habeas Petition pursuant to 28 U.S.C. § 2254, seeking relief from a state court conviction. Dkt. 5. For the reasons set forth herein, the Court concludes the Petition is time barred and recommends the Petition be **DISMISSED with prejudice** and a certificate of appealability be **DENIED**.

                **I.     BACKGROUND**

On April 2, 2008, in Thurston County Superior Court Petitioner pleaded guilty to one count of assault in the fourth degree. Dkt. 22-1, Ex. 1, Non-Felony Order of Deferred Sentence,

REPORT AND RECOMMENDATION - 1

Thurston County Case No. 07-1-01181-5. On that same date, the state court deferred a sentence of confinement on this conviction, and imposed a term of probation of 24 months with community custody. Dkt. 22-1 at 2, Ex. 1.

Petitioner asserts in his Petition that he challenged this conviction and sentence in the Court of Appeals of the State of Washington ("state court of appeals"), and his appeal was dismissed on November 2, 2023. Dkt. 5 at 2. The state court record reflects that, on January 11, 2023, Petitioner filed a motion for relief from judgment in the state court seeking a court order vacating the imposition of legal financial obligations imposed as a result of his 2008 conviction. Dkt. 22-1, Ex. 3. On January 26, 2023, the state court denied the motion as moot because Petitioner already had fully paid the legal financial obligations. Dkt. 22-1, Ex. 5. On February 23, 2023, Petitioner appealed the court order denying his motion for relief from judgment. Dkt. 22-1, Ex. 6. It also appears that in April 2023, Petitioner filed another brief, construed by the state court as an opening brief, related to the 2008 conviction (*see* Dkt. 5 at 16–20; *see also* Dkt. 22-1 at 73, Ex. 11); however, by letter dated April 27, 2023, the state court of appeals rejected Petitioner's opening brief for failure to comply with the rules on appeal. *See* Dkt. 22-1, Ex. 8. By letter dated May 24, 2023, the state court of appeals afforded Petitioner until June 5, 2023, to file a corrected opening brief. Dkt. 22-1, Ex. 9. In response, on May 30, 2023, Petitioner filed a motion to modify (Dkt. 22-1, Ex. 10), which the state court of appeals denied on July 17, 2023 (Dkt. 22-1, Ex. 12). Further, by letter dated August 25, 2023, the state court of appeals again warned Petitioner that it would dismiss the appeal if Petitioner did not file a corrected opening brief, and afforded him until September 14, 2023, in order to do so. Dkt. 22-1, Ex. 13. Petitioner failed to file a corrected opening brief and, on September 21, 2023, the state court of appeals dismissed Petitioner's appeal. Dkt. 22-1, Ex. 14. A mandate by the state court of appeals

1  followed on November 2, 2023. Dkt. 22-1, Ex. 15. Petitioner filed a motion to recall the mandate
2  on January 19, 2024 (Dkt. 22-1, Ex. 16), which was denied on February 7, 2024 (Dkt. 22-1, Ex.
3  17).

4        In a separate state criminal proceeding, on April 19, 2010, a jury in Thurston County
5  Superior Court found Petitioner guilty of two counts of rape of a child in the second degree and
6  two counts of child molestation in the second degree. Dkt. 22-1, Ex. 2, Felony Judgment and
7  Sentence, Thurston County Case No. 08-1-02102-9. For these separate convictions, on June 10,
8  2010, the state court imposed an indeterminate life sentence with a minimum term of 245
9  months. Dkt. 22-1 at 10, Ex. 2. Under this sentence, Petitioner must remain in confinement for
10 life unless the Indeterminate Sentence Review Board ("ISRB") releases him to community
11 custody. *See* Dkt. 21 at 2 (citing RCW 9.94A.507; RCW 9.95.420). If Petitioner is released to
12 community custody under this sentence, his term of community custody is for life, subject to a
13 potential return to confinement. *See* Dkt. 22-1 at 11, Ex. 2. However, to date, Petitioner remains
14 "in custody" under this 2010 conviction.

15       On February 22, 2024, Petitioner filed the instant habeas Petition. Dkts. 1, 5. On March
16 22, 2024, Respondent filed an Answer to the Petition with an accompanying state court record,
17 asserting the Petition was filed outside of the one-year statute of limitations. Dkts. 10, 11.
18 Respondent maintains the Petition is therefore time barred and should be dismissed with
19 prejudice. *Id*. Thereafter, Petitioner filed a set of Motions that appeared to take issue with
20 Respondent's service of the Answer and state court record, and requested an extension of time to
21 file a reply to the Answer. Dkts. 13, 14, 15. On April 24, 2024, the Court granted Petitioner's
22 Motions and directed Respondent to electronically re-serve on Petitioner the Answer and state
23 court record. Dkt. 20. The Court also gave Petitioner until May 10, 2024, to file a reply to the
24

REPORT AND RECOMMENDATION - 3

1  Answer. *Id*. Respondent re-filed the Answer and state court record on April 26, 2024. Dkts. 21,
2  22. Rather than file a reply, Petitioner filed a Motion to Suppress, in which Petitioner requests
3  the Court strike Respondent's Answer (Dkt. 21) on the basis that the State (not Respondent) did
4  not file a brief in the state court of appeals in his appeal from the 2008 conviction. Dkt. 23. To
5  date, Petitioner has not filed a reply and his time for doing so has passed. Thus, the instant
6  habeas Petition is ripe for disposition.

## II. DISCUSSION

Petitioner filed his Petition on February 22, 2024. Dkts. 1, 5. However, Respondent argues Petitioner filed his Petition after the one-year statute of limitations prescribed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, and further argues Petitioner is not entitled to any form of tolling that would excuse the late filing. Dkts. 10, 21. Petitioner has not filed a reply. *See* Dkt.

A.  **Statute of Limitations – 28 U.S.C. § 2244(d)**

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which is codified at 28 U.S.C. § 2241 *et seq.*, a one-year statute of limitations applies to federal habeas petitions. Section 2244(d)(1)(A) requires a prisoner to file a habeas petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

If a petitioner fails to seek direct review of his conviction in state court, the state-court judgment becomes final when the time for seeking direct review elapses. *See Gonzalez v. Thaler*, 565 U.S. 134, 149, 181 L.Ed.2d 619 (2012). To seek direct review in Washington state courts, a notice of appeal must be filed with the court of conviction within thirty days after entry of final judgment. Wash. RAP 5.1 and 5.2. *See also* Wash. CR 6 (computation of time in Washington state courts). Thus, if a petitioner does not timely file a notice of appeal, the judgment of

REPORT AND RECOMMENDATION - 4

conviction becomes final after thirty days, triggering the start of AEDPA's one-year limitations period. 28 U.S.C. § 2244(d)(1)(A).

Once AEDPA's limitations period begins, it is tolled while a "properly filed application for state post-conviction or other collateral review. . . is pending." 28 U.S.C. § 2244(d)(2); *Pace v. DiGulielmo*, 544 U.S. 480, 410 (2005). In other words, the time in which a petitioner properly seeks collateral review of his conviction in state court will not count against him for purposes of filing a timely habeas petition in federal court.

Here, the record reflects that Petitioner did not challenge the April 2, 2008, conviction and order imposing probation by filing a direct appeal. *See* Dkt. 22; *State of Washington v. Mark Jonathan Gossett*, Superior Court for Thurston County Case No. 07-1-01181-5. As a result, his conviction and judgment became final on May 2, 2008—thirty days after the Thurston County Superior Court entered final judgment—and AEDPA's one-year limitations period began to run the following day. *See Patterson v. Stewart,* 251 F.3d 1243, 1245–46 (9th Cir. 2001) (applying Fed. R. Civ. P. 6(a) to calculate time limits under AEDPA); *see also Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002).

Looking next to statutory tolling, Petitioner represents that he challenged his 2008 conviction in state court and that his appeal was dismissed on November 2, 2023. Dkt. 5 at 2; Dkt. 5 at 16–20. The record reflects Petitioner initiated this challenge with a motion for relief from judgment in January 2023 (Dkt. 22-1, Ex. 3), followed by an opening brief in April 2023 rejected by the state court of appeals for failure to comply with the rules on appeal (Dkt. 5 at 16–20). Because these post-conviction motions were filed after the expiration of the AEDPA one-year limitations period, neither could toll the statute of limitations. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding "section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"). As a result, Petitioner is

REPORT AND RECOMMENDATION - 5

not entitled to statutory tolling pursuant to 28 U.S.C. § 2244(d)(2), and, absent equitable tolling, the one-year limitations period for filing a federal habeas petition expired on May 3, 2009.

**B.   Equitable Tolling**

The AEDPA statute of limitations is subject to equitable tolling where the petitioner pursued his rights diligently and "some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citations and quotations omitted). To receive equitable tolling, a petitioner must show the extraordinary circumstances "were the but-for and proximate cause of his untimeliness." *Ansaldo v. Knowles*, 143 F. App'x. 839, 840 (9th Cir. 2005).

Here, Petitioner does not identify any extraordinary circumstances that prevented him from filing a federal habeas petition upon expiration of the time for filing direct appeal and seeking collateral review in state court. Dkt. 5. Because Petitioner has not shown he is entitled to equitable tolling, his last day for filing a timely habeas petition was May 4, 2009,[1] and so his Petition filed on February 22, 2024, is time barred.

### III.   EVIDENTIARY HEARING

The decision to hold an evidentiary hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen v. Pinholster*, 563 U.S. 170, 181–82 (2011). A hearing is not required if the

---

[1] Because the statute of limitations expired on Sunday, May 3, 2009, Petitioner had until the following Monday, May 4, 2009, to file a timely federal habeas petition.

REPORT AND RECOMMENDATION - 6

allegations would not entitle the petitioner to relief under §2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id*. Further, the Supreme Court has held that when reviewing a federal habeas petition under 28 U.S.C. § 2254, the federal court may not consider any facts beyond the factual record presented to the state post-conviction relief court – unless one of the limited exceptions of 28 U.S.C. § 2254(e)(2) applies. *Shinn v. Ramirez*, 596 U.S. 366, 381–82 (2022).

The Court finds that an evidentiary hearing is neither necessary nor permitted by AEDPA in this case because, as discussed in this Report and Recommendation, the Petition may be resolved on the existing state court record.

### IV.    CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

No jurist of reason could disagree with this Court's evaluation of Petitioner's claims or would conclude the issues presented in the Petition should proceed further. Therefore, the Court concludes Petitioner is not entitled to a certificate of appealability.

REPORT AND RECOMMENDATION - 7

## V. CONCLUSION

Petitioner's § 2254 habeas Petition is untimely as it was filed more than one year after the state court judgment became final. There are no extraordinary circumstances in this case requiring the application of equitable tolling principles. Therefore, the Petition is barred by the one-year limitations period imposed under 28 U.S.C. § 2244(d) and the Court recommends the Petition be **DISMISSED with prejudice**. No evidentiary hearing is required and a certificate of appealability should be denied. Further, because the Court recommends dismissal of the Petition, the Court also recommends that any pending Motions be **DENIED as moot**. A proposed Order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on June 24, 2024, as noted in the caption.

Dated this 10th day of June, 2024.

Grady J. Leupold
United States Magistrate Judge