1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARK JONATHAN GOSSETT,

                Petitioner,

    v.

JASON BENNETT,

                Respondent.

CASE NO. 3:24-cv-05131-RAJ-GJL

**ORDER**

      THIS MATTER is before the Court on pro se prisoner petitioner Mark Jonathan Gossett's motions and supporting memorandum for relief from judgment.  Dkts. # 39-43.[1] On August 21, 2024, the Court adopted Magistrate Judge Leupold's Report & Recommendation, dismissed Gossett's § 2254 habeas petition as time barred, and denied a Certificate of Appealability.  Dkt. # 37.

      Mr. Gossett's motions for relief from judgment, like his objections to the Report & Recommendation, are difficult to follow, and do not address the substance of the report or

---

[1] The court exercises its discretion to decide the motion before the October 10, 2024 noting date of the most recently filed Motion, Dkt. # 43.  *See* Fed. R. Civ. P. 1 (directing district courts to administer the rules of procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding").

ORDER - 1

the reasoning behind it.  Mr. Gossett asks the Court to apply the retroactive analysis set forth in *Teague v. Lane*, 489 U.S. 288 (1989).  Dkt. # 39 at 1.  Further, Mr. Gossett appears to also challenge the court's de novo review of issues including a motion to suppress, application of 28 U.S.C. § 2244(d), and motion for discovery pursuant to *Brady*.  *See* Dkts. # 40, 41, 43.  Petitioner also asserts the doctrine of judicial estoppel as a basis for relief from judgment.  *See* Dkt. # 42.  Mr. Gossett also seeks reconsideration of the denial of a Certificate of Appealability in various filings.  *See* Dkt. # 39 at 2; Dkt. # 40 at 2; Dkt. # 41 at 2; Dkt. # 43 at 2.

Mr. Gossett does not address the authority under which his motion is made, Federal Rule of Civil Procedure 60(b)(4) ("the judgment is void"), and he does not address the standard for a motion for reconsideration.  Petitioner provides no factual or legal basis for this request to apply the retroactive analysis set forth in *Teague*.  The Court properly conducted review of the motions in this matter and construed them as objections to the Magistrate's Report & Recommendation.  *See* Dkt. # 36 at 1 n.1.  The Court's judgment is not void, and Mr. Gossett is not entitled to a Certificate of Appealability, because his habeas petition is plainly time barred.  Accordingly, the Court **DENIES** Petitioner's Motion for Relief from Judgment.  Dkts. # 39-41, 43.

**DATED** this 1st day of October, 2024.

The Honorable Richard A. Jones
United States District Judge

ORDER - 2